Argued and submitted July 27, affirmed August 24, reconsideration denied
December 2, petition for review pending 1988

## CHARLES M. KEENAN,
*Appellant,*

*v.*

## PETERSON,
*Respondent.*

(87-C-11214; CA A46668)

759 P2d 1140

Steven H. Gorham, Salem, argued the cause and filed the brief for appellant.

Christine Chute, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Teresa Ozias, Certified Law Student, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Graber, Judges.

PER CURIAM

## PER CURIAM

This is an appeal from an order denying habeas corpus relief. Petitioner, an inmate of the Oregon State Correctional Institution (OSCI), is under indictment for aggravated murder. He is permitted to communicate with his attorney by a telephone that is monitored by OSCI staff. He contends that such monitoring interferes with his right to confidential communication with his attorney. We affirm.

The trial court found that OSCI does not monitor calls between inmates and their attorneys[1] and that petitioner has not shown that he is in any way being deprived of his right to confer privately with his attorney. There is evidence in the record to support those findings, and we are bound by them. *Ball v. Gladden,* 250 Or 485, 443 P2d 621 (1968).

The procedures adopted by OSCI do not infringe on any of petitioner's rights. They strike a reasonable balance between petitioner's right to communicate privately with his counsel and OSCI's responsibility to maintain discipline and security in the institution. *See Wolff v. McDonnell,* 418 US 539, 575-77, 94 S Ct 2963, 41 L Ed 2d 935 (1974); *Procunier v. Martinez,* 416 US 396, 404-05, 412, 94 S Ct 1800, 40 L Ed 2d 224 (1974).

Affirmed.

---

[1] The procedure for telephone use at OSCI is described in the record. When a prisoner has a court date within 72 hours, he may use an unmonitored telephone in the visiting rooms or in the program services center. On other occasions, he has access to monitored telephones in the prison yard from which he may make unlimited collect calls when the yard is open. Petitioner also has access to five other monitored telephones in his unit which are available weekends and evenings. Above each telephone is a sign advising that telephone calls are monitored. Monitoring is routine, random and for the sole purpose of ensuring the security and orderly management of OSCI. OSCI's policy regarding calls to attorneys is posted in each unit. It states that calls to attorneys are not monitored. Monitoring a telephone conversation between an inmate and his attorney is a violation of OSCI's regulations.

At the hearing, a corrections officer testified that OSCI staff does monitor inmate telephone calls, but that monitoring is stopped if it appears that a call is to an attorney. Petitioner presented no evidence that OSCI staff has listened to any of his telephone conversations with his attorney. He did not allege any interference with face-to-face consultation with his attorney or with his ability to communicate with his attorney by mail.