Submitted May 2, affirmed October 15, 2008

Gary D. E. MOSER,
*Plaintiff-Appellant,*

*v.*

Dr. Susan MARK
and Legacy Clinic, LLC,
in St. Helens,
*Defendants-Respondents.*

Columbia County Circuit Court
062389; A135631

195 P3d 424

Gary D. E. Moser filed the briefs *pro se.*

Kevin M. Glynn and Keating Jones Hughes, P.C., filed the brief for respondents.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Sercombe, Judge.

EDMONDS, P. J.

**EDMONDS, P. J.**

Plaintiff appeals from the trial court's grant of defendants' ORCP 21 A(8) motion to dismiss plaintiff's amended complaint for failure to state ultimate facts sufficient to constitute a claim. Plaintiff brought this *pro se* negligence action against Dr. Susan Mark and her employer, Legacy Clinic LLC, for damages alleged to have arisen from Mark's failure to properly treat and diagnose plaintiff's lower back condition. We review a trial court's ruling under ORCP 21 A(8), based solely on the allegations in the complaint. *Beck v. City of Portland*, 202 Or App 360, 364, 122 P3d 131 (2005). In reviewing a trial court's grant of an ORCP 21 A(8) motion, we assume the truth of all allegations in the complaint and give the plaintiff, as the nonmoving party, the benefit of all favorable inferences that may be drawn from those allegations. *Mitchell v. The Timbers*, 163 Or App 312, 317, 987 P2d 1236 (1999). We affirm.

We take the following facts from plaintiff's amended complaint. In December 2003, plaintiff began experiencing severe pain in his lower back. An x-ray of plaintiff's back showed no abnormalities. Nevertheless, plaintiff's back pain persisted, and, in February 2004, he sought treatment from Mark. At some point in time, Mark diagnosed plaintiff with chronic back pain related to muscle strain; however, plaintiff's amended complaint does not allege when that diagnosis occurred.

Over the next 19 months, plaintiff saw Mark at least six more times. During those visits, plaintiff repeatedly told Mark that his medication was not controlling his pain and asked her to increase his medication of three doses of Vicodin per day. Initially, Mark refused plaintiff's request, but, after a year and a half, she allowed plaintiff to take an additional 10 Vicodin per month. Also, plaintiff repeatedly asked Mark whether additional tests could be performed to determine the source of his pain, and he twice asked her whether a magnetic resonance imaging (MRI) could be performed. Mark refused his requests.

Eventually, plaintiff decided to change physicians, and, in December 2005, he saw Dr. Christopher Richie.

Richie immediately scheduled an MRI for plaintiff and pre-scribed six doses of Vicodin per day. A little over a week later, Richie informed plaintiff that his severe back pain was caused by three bulging discs, a degenerative disc, foraminal stenosis, and arthritis.

In August 2006, plaintiff filed this action against Mark and Legacy Clinic. Before trial, defendants moved for, among other things, an order to dismiss plaintiff's amended complaint for failure to state ultimate facts sufficient to con-stitute a claim. The trial court, in a letter opinion, granted defendants' motion to dismiss:

"[Defendants'] second motion is pursuant to [ORCP 21 A(8)], moving the Court to dismiss Plaintiff's Amended Complaint in its entirety because it fails to state ultimate facts sufficient to constitute a claim. The Court has read the authorities provided by [Defendants] and Plaintiff's response thereto, and reviewed the Court's earlier rulings regarding this very issue and finds that Plaintiff has in fact failed to state ultimate facts sufficient to establish any kind of claim of negligence on the part of the [Defendants] and as such [Defendants'] Motion to Dismiss be and hereby is granted."

The trial court then entered judgment in defendants' favor.

On appeal, plaintiff assigns error to the trial court's ruling granting defendants' ORCP 21 A(8) motion. ORCP 21 A provides:

"Every defense, in law or fact, to a claim for relief in any pleading, whether a complaint, counterclaim, cross-claim or third party claim, shall be asserted in the responsive pleading thereto, except that the following defenses may at the option of the pleader be made by motion to dismiss: * * * (8) failure to state ultimate facts sufficient to consti-tute a claim * * *."

We review a trial court's grant of an ORCP 21 A(8) motion for errors of law. *Hansen v. Anderson*, 113 Or App 216, 218, 831 P2d 717 (1992). In *Zehr v. Haugen*, 318 Or 647, 653-54, 871 P2d 1006 (1994), the Supreme Court described the elements that must be pleaded and proved in a medical malpractice claim: (1) a duty that runs from the defendant to the plaintiff; (2) a breach of that duty; (3) a resulting harm to the plaintiff

measurable in damages; and (4) a causal link between the breach and the harm.

Plaintiff's amended complaint alleges:

"**PROXIMATE CAUSE**

"Prior to December of 2003 plaintiff had no history of bulging discs in his vertebral column. Plaintiff began experiencing severe pain in his lower back during December of 2003. In January of 2004 an x-ray was taken of plaintiff's low back showing no abnormalities, and in February of 2004 plaintiff entrusted his care to defendant Mark.

"The incidents that transpired are listed under the heading of Background, which are paragraphs numbered five (5) to eighteen (18), that show and give detail of the history of negligence by both defendants in many areas concerning plaintiff's physical well being.

"After months of plaintiff complaining, *if an MRI would have been performed it may have shown the bulging discs were present at that time, then a more specific treatment would have been warranted. If the bulging discs were not present at that time then they developed as time went on*, more than likely caused by the initial problem that plaintiff was suffering from[,] which was muscle strain as diagnosed by defendant Mark.

"Due to the non-action or lack of action by defendant Mark's negligent conduct, and failure to heed the warning signals, plaintiff continued to be in pain and his physical condition became worse. Defendant Mark failed to act in many circumstances with the same amount of care as a reasonable person would exercise in the same or a similar circumstance, such as Dr. Richie and Dr. Lyons who ordered the MRI and allowed plaintiff an adequate amount of pain medication. If defendant Mark had scheduled the MRI, after a reasonable amount of time, preventative care and treatment could have begun to eliminate further problems. However, as time went on plaintiff's condition escalated and the initial problem created more serious problems which was muscle strain to bulging discs with other assorted pains and injuries to other muscles.

"Defendant Mark relied on her initial diagnosis and failed to order further testing even as an unreasonable amount of time went on and periodic re-evaluations were

done with no consideration that plaintiff was still experiencing severe pain and further problems were developing. Thus, the cause in fact component of Proximate Cause has been shown that 'but for' defendant's breach of not ordering further testing, to obtain the correct diagnosis and treatment for his condition, plaintiff suffered and continues to do so.

"Furthermore[,] the incidents that transpired are listed under the heading of Background, which are paragraphs numbered five (5) to eighteen (18), that show and give detail of the history of negligence by both defendants[,] which includes other non-actions and misconduct by defendant Mark relating to plaintiff's hands, false statements regarding medicine, getting plaintiff help through a pain support group, increasing plaintiff's pain medication to an adequate amount, and refusing to order further tests for Testosterone levels (which has recently been found to be at very low levels) and the Colonoscopy. However, plaintiff has elaborated enough throughout this document with trying to be specific and on the other hand plain and concise, whereby plaintiff only brings forth these items and not being specific so as not to consume too much of the court's time."

(Emphasis added; boldface and uppercase in original.)

Defendants contend that "[t]he Amended Complaint, on its face, fails to state a cause of action against defendants" because "[p]laintiff asserts nothing more than the possibility of a causal link, which is not sufficient to sustain a claim for relief." Thus, the issue is whether plaintiff's amended complaint properly alleged the causation element of a medical malpractice claim—a causal link between the breach and the harm.

■■ We conclude that plaintiff failed to state a claim for medical malpractice, because he failed to allege that, had defendants performed an MRI, they would have discovered that plaintiff had developed bulging discs, a degenerative disc, foraminal stenosis, or arthritis. The general rule is that a complaint must contain factual allegations that, if proved, establish the right to the relief sought. Indeed, the Supreme Court has held that, "whatever the theory of recovery, facts must be alleged which, if proved, will establish the right to recover. It is no longer permissible to veil the facts or theory

behind a nonfactual pleading * * * and thereafter prove any state of facts which, historically, could support recovery[.]" *Davis v. Tyee Industries, Inc.*, 295 Or 467, 479, 668 P2d 1186 (1983).

More specifically, in the medical malpractice context, the Supreme Court has explained that, to recover under a theory of nonfeasance, a plaintiff must allege facts that, if proved, will establish "circumstances which rendered the failure harmful":

> "The alleged negligence is the failure to diagnose and advise plaintiff concerning her physical condition and particularly concerning her diseased gall bladder. It is to this failure therefore that the chain of proximate causation must be linked. Unlike cases in which affirmative injury is done in the very course of operating upon a patient, the mere failure here to diagnose and advise, in and of itself, caused no damage. Resulting damage could be made to appear only by showing other circumstances which rendered the failure harmful. The plaintiff, in recognition of this fact, was required to and did plead that the undiscovered chronic gall bladder condition was one 'for which immediate medical and surgical treatment was indicated.' The next step was to plead that the immediate treatment indicated as necessary would have been administered if the condition had been discovered. This, also, the plaintiff alleged in substance by pleading that, 'Plaintiff, being ignorant of the nature of said condition, did not *at that time* obtain any medical or surgical treatment for the same.' (Italics ours.) The last necessary element in the chain of causation is that the absence of medical or surgical treatment at that time resulted in damage which would not have occurred if the treatment had been administered. The plaintiff alleges that harm occurred as a result of the nondiscovery of the gall bladder condition, but that allegation can only be true if the nondiscovery resulted in the alleged nontreatment."

*Horn v. National Hospital Association*, 169 Or 654, 670-71, 131 P2d 455 (1942);[1] *see also Wintersteen v. Semler*, 197 Or

---

[1] Although the plaintiff in *Horn* appealed from a judgment of involuntary nonsuit, the court explained that the specific allegations of the complaint were relevant to its review:

"In considering whether defendant's conduct was the proximate cause of harm to the plaintiff, the specific allegations of the complaint concerning

601, 617, 250 P2d 420 (1952) (holding that the plaintiffs could not recover on her allegations of negligence because "[t]he complaint did not allege that * * * had she seen a physician her condition would have been alleviated").

Under the holding in *Horn*, plaintiff's amended complaint fails to allege ultimate facts necessary to allege causation. Plaintiff does not allege that his undiscovered condition "was one 'for which immediate medical and surgical treatment was indicated.' " Rather, plaintiff alleges:

> "After months of plaintiff complaining, if an MRI would have been performed, it *may* have shown the bulging discs were present at that time, then a more specific treatment would have been warranted. *If the bulging discs were not present at that time then they developed as time went on,* more than likely caused by the initial problem that plaintiff was suffering from[,] which was muscle strain as diagnosed by defendant Mark."

Thus, plaintiff's amended complaint fails to allege that, had an MRI been performed at the time that plaintiff claims defendants were negligent, it would have indicated that he had developed bulging discs, a degenerative disc, foraminal stenosis, or arthritis. We therefore conclude that the trial court did not err in granting defendants' ORCP 21 A(8) motion to dismiss.

Affirmed.

---

negligence, proximate cause and damage must be considered, for it is only by presenting evidence of some harm which the complaint asserts to have been proximately caused by defendant's negligence that nonsuit may be avoided."
169 Or at 670.