Argued and submitted August 3, affirmed December 21, 2011, petition for review denied May 3, 2012 (352 Or 25)

Jacob BARRETT,
aka Liam O'Neil,
*Plaintiff-Appellant,*

*v.*

Max WILLIAMS,
Director of Oregon Department of Corrections;
and Randy Workman,
Warden, Oklahoma State Penitentiary,
*Defendants-Respondents.*

Marion County Circuit Court
08C22940; A140542

270 P3d 285

Jay Edwards argued the cause and filed the brief for appellant.

Justice Joy Rillera, Assistant Attorney General, argued the cause for respondent Max Williams. On the brief were John R. Kroger, Attorney General, David B. Thompson, Interim Solicitor General, and Matthew J. Lysne, Assistant Attorney General.

No appearance for respondent Randy Workman.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

SCHUMAN, P. J.

**SCHUMAN, P. J.**

Petitioner sought a writ of habeas corpus, alleging that prison officials, outside of his presence, were opening and reading mail sent to him by his attorney. According to petitioner, this action violated a variety of his state and federal constitutional rights. The court granted defendant's motion to deny the petition, and petitioner appeals. We affirm.

A motion to deny a habeas corpus petition under ORS 34.680 for failure to state a claim occurs after the petition for the writ is submitted but before it is issued; it is analogous to a motion to dismiss under ORCP 21 A(8). *See Dunn v. Hill*, 211 Or App 590, 597, 156 P3d 72 (2007) (ORCP 21 A(8) is the appropriate analog when a habeas petition is challenged for failure to state a claim). In reviewing the grant of such a motion, we therefore assume the truth of all the allegations in the petition and give the petitioner the benefit of all favorable inferences that may be drawn from them. *Moser v. Mark*, 223 Or App 52, 54, 195 P3d 424 (2008).

Defendant correctly stated the facts under those standards in his motion to deny the petition.

"[Petitioner] is in the legal custody of the Oregon Department of Corrections but placed in the physical custody of the Oklahoma State Penitentiary [OkSP] under the Interstate Compact Agreement.

"An Oregon attorney, Charles Simmons, represents him in a Klamath County post-conviction case as well as 'on a number of [other] civil actions, including a civil tort being prepared against the Oklahoma Department of Corrections.'

"Starting in August 2008, the [OkSP] staff began to 'open, read and confiscate' the legal mail from Simmons, outside of [petitioner's] presence and without due process rights * * *."

The petition also alleges that OkSP staff members "continue to open and read all my legal mail outside my presence and refuse to deliver the legal mail confiscated * * *." The tort case "being prepared," according to the petition, alleges that

OkSP staff are committing assault and battery against petitioner and "aiding and promoting racist gangs to assault" him. Further, the petition recites the administrative remedies available to him and states that he has exhausted all of them, without relief.

To overcome the motion to deny, the petition must allege facts (as opposed to mere conclusions) that are sufficient to state a claim on which relief may be granted. *Fort v. Palmateer*, 169 Or App 568, 570, 10 P3d 291 (2000). Relief is appropriate if the facts support a claim "that the [petitioner] is deprived of a constitutional right that requires immediate judicial attention and for which no other timely remedy is practicably available * * *." ORS 34.362(2); *Penrod/Brown v. Cupp*, 283 Or 21, 28, 581 P2d 934 (1978). The petition should be construed liberally and not dismissed for merely technical defects. *Bedell v. Schiedler*, 307 Or 562, 566, 770 P2d 909 (1989).

Petitioner asserts that opening mail from his attorney in his absence violated a variety of state and federal constitutional rights. In his petition and on appeal, however, he presents what generously could be called arguments with respect to only three: the right to counsel, the right to access to courts, and the right to equal treatment. None of the arguments is persuasive.

We reject without discussion the argument that OkSP officials interfered with petitioner's right to counsel. There is no right to counsel in either habeas corpus or post-conviction relief cases under either the Sixth Amendment or Article I, section 11, of the Oregon Constitution. *Elkins v. Thompson*, 174 Or App 307, 314-15, 25 P3d 376, *rev den*, 332 Or 558 (2001). And, of course, there is no such relief in tort cases.

Petitioner's "access to courts" claim is grounded in the Due Process Clause of the Fourteenth Amendment. The right was definitively established in *Bounds v. Smith*, 430 US 817, 97 S Ct 1491, 52 L Ed 2d 72 (1977), a case that dealt with inmates' complaints that the state was not providing them with access to essential legal research materials. The Court held that the constitution required that an inmate have a "reasonably adequate opportunity to present claimed

violations of fundamental constitutional rights to the courts."
*Id.* at 825. To comply with that requirement, the state could
"assist inmates in the preparation and filing of meaningful
legal papers by providing prisoners with adequate law librar-
ies or adequate assistance from persons trained in the law."
*Id.* at 828. The Court significantly clarified and narrowed the
*Bounds* holding in *Lewis v. Casey*, 518 US 343, 116 S Ct 2147,
135 L Ed 2d 606 (1996). *Lewis* was another case involving the
asserted inadequacy of prison legal materials. *Id.* at 346. The
court held that the constitution guaranteed inmates' access
to courts only with respect to issues involving a direct or col-
lateral attack on their crime of conviction, or "in order to chal-
lenge the conditions of their confinement. Impairment of any
*other* litigating capacity is simply one of the incidental (and
perfectly constitutional) consequences of conviction * * *." *Id.*
at 355 (emphasis in original). Further, the inmate had to
show that "the alleged shortcomings * * * hindered his efforts
to pursue a legal claim." *Id.* at 351. That is so because, even if
petitioner asserted facts indicating that the legal mail
involved his crime of conviction or conditions of confinement,
and that reading his legal mail had a detrimental impact on
his ability to pursue a legal claim, those facts alone do not
qualify him for habeas relief; he must also allege facts show-
ing that the deprivation of his right of access to the courts
"requires immediate judicial attention" and that "no other
timely remedy is practicably available." ORS 34.362(2);
*Penrod/Brown*, 283 Or at 28. Although petitioner does recite
that "invoking the jurisdiction of this court to grant a writ of
habeas corpus is the most appropriate method of gaining the
relief from the deprivations" of his constitutional rights, and
also that "there is a need for immediate judicial scrutiny and
there are no other plain, adequate or speedy remedies avail-
able," he alleges no *facts*—indeed, he makes no legal *argu-
ments*—to support those allegations. "A petition must state
more than mere conclusions; it must allege with particularity
facts, which, if true, would entitle the plaintiff to habeas cor-
pus relief." *Fort*, 169 Or App at 570 (citing *Bedell*, 307 Or at
566).

Further, it is doubtful that petitioner *could* allege
the necessary facts. In *Keenan v. Peterson*, 92 Or App 703,
704, 759 P2d 1140 (1988), *vac'd and rem'd*, 307 Or 323, 767

P2d 441 (1989), an inmate petitioned for habeas corpus relief on the ground that prison officials were depriving him of constitutional rights by monitoring telephone conversations between him and his attorney. This court held that "[t]he procedures adopted by [prison officials] do not infringe on any of petitioner's [constitutional] rights." *Id.* On review, the Supreme Court vacated and remanded, holding that "[a]n injunction proceeding, an action for declaratory judgment or a mandamus proceeding all would be sufficiently timely to adjudicate petitioner's claims. * * * The trial court should have dismissed the writ without reaching the merits." *Keenan v. Peterson*, 307 Or at 323, 325, 767 P2d 441 (1989). We discern no reason why the same reasoning does not apply here. We therefore reject petitioner's claim based on the asserted denial of access to courts.

Petitioner argues[1] that opening his legal mail outside of his presence denies him the equal protection of the laws:

> "It is clear that Mr. Barrett would have the ability to protect any mailings from his attorney * * * from disclosure to others were it not for his incarceration. Because the right to be represented by counsel is a fundamental right, discrimination against Mr. Barrett on the basis of his incarcerated status that burdens that right is unconstitutional unless it is the least restrictive means necessary to further a compelling governmental interest. * * * It is clear that this standard cannot be met in this case, and that your invasion of Mr. Barrett's protected attorney-client privilege deprived him of equal privileges and immunities as guaranteed by Article I, section 20, of the Oregon Constitution and Equal Protection of the Laws under the Fourteenth Amendment."

"Inmates" are not a true class in this instance for purposes of Article I, section 20, that is, a group that consists of individuals who would be considered as belonging to a distinctive group even if the statute that burdens them did not exist. *State v. Clark*, 291 Or 231, 240, 630 P2d 810, *cert den*, 454 US 1084 (1981). If the group does not fit that definition, then

---

[1] The argument is actually made by petitioner's trial counsel in a letter to OkSP officials that is appended to, and incorporated in, the petition.

Article I, section 20, simply does not apply. *Sealey v. Hicks*, 309 Or 387, 397, 788 P2d 435, *cert den*, 498 US 819 (1990), *overruled in part on other grounds by Smothers v. Gresham Transfer, Inc.*, 332 Or 83, 23 P3d 333 (2001). In the absence of the criminal law, "inmates" would not exist; it is the criminal law itself that creates the class. Therefore, Article I, section 20, does not apply.

Petitioner's Fourteenth Amendment argument also fails. It derives from the assertion that "the right to be represented by counsel is a fundamental right," and therefore deprivation of that right must be subjected to strict scrutiny. As we have noted above, however, representation by counsel in tort or post-conviction cases is not a constitutionl right at all, much less a fundamental one.

In sum, none of petitioner's constitutional arguments is persuasive.[2]

Affirmed.

---

[2] We note that OAR 291-131-030(2) provides: "Legal and official mail sent from or received in a Department of Corrections facility in sealed envelopes or parcels shall be opened and examined for contraband in the presence of the inmate, but shall not be read or photocopied, except as authorized in subsection (3) of this rule." Thus, although the constitution does not afford petitioner a right to be present when his legal mail is opened, Department of Corrections rules appear to do so.