Submitted December 17, 2015, affirmed January 21, petition for review
dismissed August 4, 2016 (360 Or 236)

TRAVIS ANDREW FOUST,
*Plaintiff-Appellant,*

*v.*

Mark NOOTH,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
14071034H; A157635

366 P3d 767

Jason Weber and O'Connor Weber LLP filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Pamela J. Walsh, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Garrett, Judge.

LAGESEN, J.

**LAGESEN, J.**

Plaintiff, an inmate incarcerated at the Snake River Correctional Institution, appeals from a general judgment of dismissal without prejudice of his petition for a writ of habeas corpus under ORS 34.362. In the petition, plaintiff sought to challenge his detention in administrative segregation. Defendant moved to deny the petition under ORS 34.680(1)[1] on the ground that the petition failed to allege sufficient facts to state a claim for habeas corpus relief, and the trial court granted the motion. We affirm.

We review for legal error a trial court's grant of a motion to deny a petition for habeas corpus relief under ORS 34.680(1). *See Barrett v. Williams*, 247 Or App 309, 311, 270 P3d 285 (2011), *rev den*, 352 Or 25 (2012) (so doing). A motion to deny under ORS 34.680(1) is the equivalent of a motion to dismiss a civil complaint under ORCP 21 A(8).[2] *Id.* For that reason, our task on appeal is the same as it would be if we were reviewing a grant of a motion to dismiss under ORCP 21 A(8). We assume the truth of well-pleaded factual allegations, giving plaintiff the benefit of any reasonable, favorable inferences that can be drawn from those allegations, and assess whether those allegations, if true, would entitle plaintiff to habeas corpus relief. *Id.* at 311-12. Just as is the case under ORCP 21 A(8), to withstand a motion to deny under ORS 34.680(1), the petition must allege specific facts sufficient to state a claim and cannot rest on allegations of legal conclusions. *Id.*; *see Bedell v. Schiedler*, 307 Or 562, 566, 770 P2d 909 (1989) ("A petition must state more than mere conclusions; it must allege with particularity facts which, if true, would entitle the plaintiff to habeas corpus relief."); *Munson v. Valley Energy Investment Fund*, 264 Or App 679, 710 n 23, 333 P3d 1102 (2014) (explaining that "a complaint does not state a claim through mere conclusions of law").

---

[1] ORS 34.680(1) states in pertinent part, "[t]he defendant may, before the writ issues, move to deny the petition on the grounds that the petition fails to state a claim for habeas corpus relief."

[2] ORCP 21 A(8) provides for the dismissal of a complaint for "failure to state ultimate facts sufficient to constitute a claim."

Where, as here, an inmate seeks to challenge his detention outside of the general population of inmates on the ground that his detention does not comply with his right to procedural due process under the Fourteenth Amendment to the United States Constitution, to state a claim for habeas relief, the inmate must, at a minimum, allege particular facts that (if true) would demonstrate two elements: (1) that the inmate's confinement outside of general population "is a *further* restraint on his liberty that imposes atypical and significant hardships in relation to the ordinary incidents of prison life"; and (2) that "the procedures afforded to him by the state to challenge his [segregated detention] are constitutionally inadequate." *Barrett v. Belleque*, 344 Or 91, 103-04, 176 P3d 1272 (2008) (internal quotation marks omitted; emphasis in original).

Although plaintiff's allegations arguably are sufficient to plead the first element,[3] we need not decide the point. The petition falls short with respect to the second element. That is because, as to that element, plaintiff has alleged only legal conclusions, not particular facts. In their entirety, the allegations as to plaintiff's confinement in administrative segregation are as follows:

"Inmate is administratively segregated not in compliance with OAR 291-046. The mandatory language in OAR 291-046 is clearly defined and inmate was not afforded due process. The institutional grievance process does not afford inmate a timely remedy. Oregon Constitutional and United States Constitutional Rights have been violated as well as Oregon law.

"Inmate remains in punitive segregation, housed with no Basic Services or Programs as offered similarly situated inmates.

---

[3] In *Barrett*, the Supreme Court assumed without deciding that the plaintiff's allegations regarding his assignment to the Intensive Management Unit (IMU) sufficiently alleged the first element of a due-process claim predicated on confinement outside of the general inmate population. 344 Or at 106. The court ultimately concluded that plaintiff's allegations that he was not provided with a hearing *before* he was placed in the IMU failed to state a claim because due process does not require a formal preplacement hearing before an inmate is housed apart from the general population. *Id.* at 106-08.

"In addition inmate is subject to this continued depriva-
tion of his liberty as a result of filing a report of assault by
staff to the Oregon Inspector General."

Those allegations omit any of the factual particu-
lars of the process associated with plaintiff's placement in
administrative segregation. Absent allegations of the factual
particulars of plaintiff's confinement apart from the gen-
eral population—including, for example, allegations about
the length of time that plaintiff has been in administrative
segregation, whether plaintiff has had a paper or in-person
hearing in connection with that placement and, if so, when
that hearing took place and how it was conducted—the
petition does not state facts sufficient to demonstrate that
the process connected to plaintiff's assignment to adminis-
trative segregation fails to satisfy the requirements of due
process.[4] *Bedell*, 307 Or at 566. As a result, the trial court
properly dismissed the petition for failure to state a claim
for habeas corpus relief.

Affirmed.

---

[4] As noted, the trial court's judgment of dismissal was without prejudice,
and, thus, would not preclude plaintiff from filing a new petition for habeas cor-
pus relief containing the necessary particularized allegations of fact. Plaintiff
does not suggest on appeal that the trial court erred by dismissing the case with-
out first granting plaintiff leave to amend the petition.