***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted June 10, affirmed December 7, 2022, petition for review denied March 30, 2023 (370 Or 828)

FRANK E. VOTH,
*Plaintiff-Appellant,*

*v.*

Erin REYES,
Superintendent,
Two Rivers Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
21CV29888; A176835

Eva J. Temple, Judge.

Jedediah Peterson and O'Connor Weber, LLC, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Robert M. Wilsey, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

PAGÁN, J.

Affirmed.

**PAGÁN, J.**

Plaintiff, an inmate incarcerated at the Two Rivers Correctional Institution, appeals from the denial of his petition for a writ of habeas corpus. The superintendent of the institution (defendant) moved to deny the petition under ORS 34.680(1).[1] The trial court granted the motion and dismissed the case without prejudice. We affirm.

We review for legal error the denial of a petition for a writ of habeas corpus under ORS 34.680(1). *Foust v. Nooth*, 276 Or App 38, 39, 366 P3d 767, *rev dismissed*, 360 Or 236 (2016). A motion to deny under ORS 34.680(1) is analogous to a motion to dismiss a civil complaint under ORCP 21 A(1)(h). *Barrett v. Williams,* 247 Or App 309, 311, 270 P3d 285 (2011), *rev den,* 352 Or 25 (2012).[2] "We assume the truth of well-pleaded factual allegations, giving plaintiff the benefit of any reasonable, favorable inferences that can be drawn from those allegations, and assess whether those allegations, if true, would entitle plaintiff to habeas corpus relief." *Foust*, 276 Or App at 39. "A petition must state more than mere conclusions; it must allege with particularity facts which, if true, would entitle the plaintiff to habeas corpus relief." *Bedell v. Schiedler*, 307 Or 562, 566, 770 P2d 909 (1989).

Plaintiff filed his petition for a writ of habeas corpus on July 15, 2021. In his first claim, plaintiff alleged that, on or about April 8, 2021,[3] he notified the Board of Parole and Post-Prison Supervision (board) that he was entitled to "30% good-time off his 30 year(s) dangerous offender sentence." Plaintiff alleged that he was sentenced in or around 1989 to five 30-year consecutive sentences, but the board overrode four of them and "set a prison term of 30 year(s)." Plaintiff alleged that "an ex post facto analysis applies to

---

[1] ORS 34.680(1) states, in pertinent part, "[t]he defendant may, before the writ issues, move to deny the petition on the grounds that the petition fails to state a claim for habeas corpus relief."

[2] *Barrett* refers to *former* ORCP 21 A(8), which was renumbered as ORCP 21 A(1)(h), effective January 1, 2022. The provision, before and after renumbering, allows motions to dismiss for "failure to state ultimate facts sufficient to constitute a claim."

[3] In the handwritten portion of the petition, it is not clear whether plaintiff wrote March 8, 2021, or April 8, 2021. In the opening and answering briefs, the parties assume that plaintiff meant April 8, 2021.

the 'Board's' decision, now, setting plaintiff's release date beyond the 30 year(s) minimum." Based on good time credits, plaintiff claimed that he should have been released in 2014. Plaintiff also alleged that, on or about April 18, 2021, he was placed in segregation, his "legal material pertaining to the claim(s) in this writ of habeas corpus" was taken away, and "[w]ithout said legal material plaintiff cannot exhaust administrative remedies available to redress his claim(s) of unlawful confinement." In his second and third claims, plaintiff alleged that he is "actually innocent" of his crimes of conviction. In those claims, plaintiff also challenged the jury's verdict and his sentence.

Defendant filed a response and moved to deny the petition. Defendant argued that the first claim should be denied because "there was available judicial review of the Board's decision. *See* ORS 34.330(4)." Defendant argued that the second and third claims should be denied because "post-conviction relief is the exclusive means by which plaintiff can attack his underlying criminal convictions." Shortly thereafter, the trial court entered a judgment denying the petition as meritless and dismissing the case without prejudice. The trial court's ruling was "[b]ased upon the information provided in Defendant's Response, hereby incorporated by reference." Plaintiff appeals.

"Every person imprisoned or otherwise restrained of liberty *** may prosecute a writ of habeas corpus to inquire into the cause of such imprisonment or restraint, and if illegal, to be delivered therefrom." ORS 34.310. The petition must allege unlawful conditions of imprisonment or "other deprivations of a prisoner's legal rights of a kind which, if true, would require immediate judicial scrutiny, if it also appears to the court that no other timely remedy is available to the prisoner." *Penrod v. Cupp*, 283 Or 21, 28, 581 P2d 934 (1978). ORS 34.330(4) provides, in part, that persons may not prosecute a writ of habeas corpus if they are "eligible to seek judicial review of a final order of the State Board of Parole and Post-Prison Supervision under ORS 144.335," but fail to do so in a timely manner. The statute "is an apparent codification of the long-existing common-law rule that the remedy of habeas corpus is not available to parties who neglect to seek timely judicial review of the

challenged decision." *Alexander v. Gower*, 200 Or App 22, 28, 113 P3d 917 (2005), *rev den*, 340 Or 34 (2006).

Starting with plaintiff's first claim, we conclude that plaintiff failed to allege sufficient facts to demonstrate entitlement to habeas corpus relief. First, it is not clear from plaintiff's allegations whether the board took any action in response to his alleged notification to the board that he was entitled to good time credits, or when the board did so. Plaintiff appears to refer to a board decision pertaining to his release date, but it is not clear when that occurred, especially given his claim that he should have been released in 2014. Without more specific allegations regarding the board's action, we cannot assess his claim of unlawful imprisonment. Plaintiff failed to state a claim of entitlement to habeas corpus relief. *See Foust*, 276 Or App at 41 (affirming denial of petition on the ground that it failed to allege sufficient facts).

On appeal, plaintiff argues that he "alleged sufficient facts to show that he could not seek judicial review of the Board's order." Plaintiff did allege that he was unable to "exhaust administrative remedies" because he was placed in segregation, and he was deprived of legal material pertaining to his habeas corpus claims. However, it is not clear how long plaintiff was in segregation.[4] In any event, in his first claim, plaintiff was not challenging the conditions of his confinement; instead, he claimed that his imprisonment was unlawful because of a board decision pertaining to his release date or good time credits. Without clearer allegations regarding the board's decision, or when it occurred, it is simply not reasonable to infer that plaintiff could not seek judicial review of the board's order. *See Barrett*, 247 Or App at 313 (plaintiff must allege facts which, if true, would entitle the plaintiff to habeas corpus relief).

Plaintiff contends that he made his "initial request" to the board on April 8, 2021, and based on the date of his petition, which was filed on July 15, 2021, the trial court

---

[4] Plaintiff alleged that he was placed in segregation on April 18, 2021, and an exhibit attached to his petition suggests that he was still in segregation on May 5, 2021. However, it is not clear whether he was in segregation on July 15, 2021, when he filed his petition.

could not have determined "whether ORS 34.330(4) even applied to plaintiff." That statute refers to ORS 144.335, which provides in subsection (1)(b) that persons must "exhaust administrative remedies" before they can seek judicial review of a final board order. As plaintiff points out, a request for administrative review must be made within 45 days after the mailing date on the board's final action, OAR 255-080-0005(1), and a petition for judicial review must be filed "within 60 days after the date the board mails the order disposing of the person's request for administrative review." ORS 144.335(4). Plaintiff contends that the trial court erred in dismissing his petition because it "could not have known whether plaintiff fell within the terms of the statute."

We are not persuaded. First, plaintiff alleged that he notified the board that he was entitled to good time credits, and it is not clear from his allegations whether the board took any action in response. Second, construing the allegations liberally, plaintiff appears to allege a decision by the board regarding his release date, but we cannot tell when that occurred. If plaintiff's petition for a writ of habeas corpus was filed before the relevant deadlines expired, then the trial court was justified in dismissing it without prejudice to provide plaintiff an opportunity to seek administrative or judicial review of the board's order. Instead, plaintiff appealed the dismissal of his petition.

Third, ORS 34.330 provides a remedy for addressing claimed errors in board decisions by way of administrative and judicial review. Based on his allegations, plaintiff was eligible to seek judicial review and there is no indication that he did so. *See* ORS 34.330(4). As a result, he is not entitled to habeas corpus relief. *See Strawn v. Belleque*, 217 Or App 578, 579-80, 117 P3d 1120, *rev den* 344 Or 671 (2008) (affirming dismissal of habeas corpus petition because the plaintiff had an adequate remedy in the form of judicial review of the board's order); *Haskins v. Palmateer*, 186 Or App 159, 163 n 2, 63 P3d 31, *rev den*, 335 Or 510 (2003) ("[T]he right to seek judicial review of the board's action * * * constitutes an adequate alternative remedy for purposes of habeas corpus relief."). We affirm the dismissal without prejudice of plaintiff's first claim in his petition for a writ of habeas corpus.

We also affirm the dismissal of the second and third claims. A petition for post-conviction relief is the exclusive means for addressing the issues raised in those claims. ORS 138.530(1)(c) (post-conviction relief shall be granted if the petitioner establishes that a sentence is unconstitutional); ORS 138.540(1) (petition for post-conviction relief is the exclusive means for challenging the lawfulness of a judgment of conviction); *Atkeson v. Cupp*, 68 Or App 196, 198-99, 680 P2d 722, *rev den*, 297 Or 546 (1984) (affirming dismissal of petitions for habeas corpus because the remedy for the claims was by way of post-conviction relief).

Affirmed.