***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted April 28, 2022; affirmed, defendants' motion to amend denied April 12, 2023

Shane Anthony ZORNES et al.,
*Plaintiffs,*
*and*

Andrew G. MORET,
*Plaintiff-Appellant,*

*v.*

STATE OF OREGON,
Legislative Branch, Executive Branch,
Kate Brown, Ellen Rosenblum,
United States, ODOC, ODOJ,
and Colette Peters,
*Defendants-Respondents,*
*and*

Kevin MANNIX
and United States,
*Defendants.*

Marion County Circuit Court
20CV43120; A175551

Courtland Geyer, Judge.

Jedediah Peterson and O'Connor Weber, LLC, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Leigh A. Salmon, Assistant Attorney General, filed the brief for respondents.

Before Powers, Presiding Judge, and Hellman, Judge, and Nakamoto, Senior Judge.

HELLMAN, J.

Affirmed; defendants' motion to amend denied.

**HELLMAN, J.**

Plaintiff Moret[1] appeals from a judgment dismissing his petition for a writ of habeas corpus. The trial court granted defendants' motion to deny plaintiff's petition under ORS 34.680(1) and dismissed the case without prejudice. On appeal, plaintiff asserts two assignments of error. He argues that the trial court erred when it granted defendants' motion and, alternatively, that the trial court abused its discretion by declining to treat the petition as a request for post-conviction relief. As explained below, we affirm.

"We review for legal error a trial court's grant of a motion to deny a petition for habeas corpus relief under ORS 34.680(1)" and "assume the truth of well-pleaded factual allegations, giving plaintiff the benefit of any reasonable, favorable inferences that can be drawn from those allegations, and assess whether those allegations, if true, would entitle plaintiff to habeas corpus relief." *Foust v. Nooth*, 276 Or App 38, 39, 366 P3d 767, *rev dismissed*, 360 Or 236 (2016).

Plaintiff's first assignment of error asserts that the trial court erred when it granted defendants' motion to deny the petition. Plaintiff's petition alleged that the statutory scheme under which he was sentenced violated the Oregon Constitution. A petition for post-conviction relief is the exclusive means for addressing the lawfulness of a criminal sentence. ORS 138.530(1)(c) (post-conviction relief shall be granted if the petition establishes that a sentence is unconstitutional); ORS 138.540(1) (a petition for post-conviction relief is the exclusive means for challenging the lawfulness of a judgment of conviction or the proceedings on which the judgment is based); *Mora v. Maass*, 120 Or App 173, 176, 851 P2d 1154 (1993), *aff'd*, 319 Or 570, 877 P2d 641 (1994) ("post-conviction relief is the sole method for collaterally challenging the lawfulness of a criminal conviction and sentence"). Because plaintiff's petition challenged the constitutionality of his sentence, the trial court did not err when it granted defendants' motion.

---

[1] Mr. Moret is the only named appellant in this case, so we deny defendants' motion to file a corrected answering brief to address facts related to Mr. Zornes.

In his second assignment of error, plaintiff asserts that the trial court erred when it declined to convert the habeas petition into a petition for post-conviction relief. Citing *State v. Mayfield*, 302 Or 631, 645, 733 P2d 438 (1987), he contends that the trial court abused its discretion because it did not make a record explaining its decision. But plaintiff does not develop any argument as to how that principle applies in this particular case. We are thus unable to address the matter. *See Beall Transport Equipment Co. v. Southern Pacific*, 186 Or App 696, 700 n 2, 64 P3d 1193 (2003) ("[I]t is not this court's function to speculate as to what a party's argument might be. Nor is it our proper function to make or develop a party's argument when that party has not endeavored to do so itself.").

Affirmed; defendants' motion to amend denied.