No. 218 April 10, 2024 773

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

LAWSON REED RANKIN,
*Plaintiff-Appellant,*

*v.*

Sheriff LANDERS,
*Defendant-Respondent.*

Lincoln County Circuit Court
21CV37655; A179702

Marcia L. Buckley, Judge.

Submitted March 12, 2024.

Jedediah Peterson and O'Connor Weber LLC filed the brief for appellant.

Brian J. Gardner filed the brief for respondent.

Before Joyce, Presiding Judge, Lagesen, Chief Judge, and Jacquot, Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

Plaintiff appeals a general judgment dismissing this habeas corpus proceeding in which plaintiff seeks a remedy for, among other things, alleged violations of his constitutional rights with respect to his legal mail. For the reasons that follow, we affirm.

Plaintiff petitioned for a writ of habeas corpus under ORS 34.340 while incarcerated in the Lincoln County Jail. He alleged, among other things, that jail staff was opening his legal mail outside of his presence, in violation of his constitutional rights. Following an evidentiary hearing under ORS 34.695, the trial court found that plaintiff "has not been deprived * * * of a constitutional right that requires immediate judicial attention for which no other timely remedy is practicably available." In so ruling, the court acknowledged the incidents in which jail staff had opened plaintiff's mail outside of his presence but noted that "based on what I've heard," the court believed "that the mail issue has been resolved." The court also observed that it did not believe that jail staff had opened plaintiff's mail "in order to gain insight into his pending legal matters."

Plaintiff appealed. On appeal, plaintiff does not contest the trial court's factual determination that the mail issue was not ongoing, or any other factual determination by the trial court. Instead, plaintiff asserts that the trial court committed legal error by denying relief once it determined that plaintiff's mail had, in fact, been opened outside of his presence on occasion: "The court's findings assume plaintiff's mail was being opened, which in itself is enough to violate plaintiff's rights and support a habeas corpus claim." In support of that argument, plaintiff cites *Merriweather v. Zamora*, 569 F3d 307, 317 (6th Cir 2009), for the proposition that "merely opening legal mail is sufficient to state a claim for relief, as it implicates the First and Sixth Amendments."

Because plaintiff challenges only the trial court's legal determinations, we review for legal error. We conclude that the trial court did not err.

As we have explained, "Oregon inmates have the right to be incarcerated under conditions that comply with

state and federal constitutional standards." *Barrett v. Peters*, 274 Or App 237, 240, 360 P3d 638 (2015), *aff'd*, 360 Or 445, 383 P3d 813 (2016). Where an inmate is incarcerated under conditions that violate constitutional standards, habeas corpus affords a remedy if the deprivation is one "that requires immediate judicial attention" and if "no other timely remedy is practicably available to the plaintiff." ORS 34.310; ORS 34.362; *Barrett*, 274 Or App at 240. The core function of the habeas corpus remedy is to provide a mechanism for obtaining immediate relief from confinement that violates a person's constitutional rights. *See id.* at 246-47, 250 (discussing the operation of the habeas corpus remedy).

Here, the trial court was persuaded that, as of the time of the hearing, the mail issue was not ongoing. Under those circumstances, the trial court correctly dismissed plaintiff's petition; the fact that the jail was no longer engaging in the practices alleged to be unconstitutional meant that there was no need for immediate judicial scrutiny. Beyond that, that habeas corpus does not afford a remedy under the circumstances does not mean that plaintiff lacks a remedy for any violation of his constitutional rights resulting from the jail's mail processing practices. It simply means that habeas corpus is not the proper remedy for redressing conditions of confinement that no longer exist. As illustrated by *Merriweather*, the federal case cited by plaintiff, other remedies may be available to plaintiff to remedy any past violations of his constitutional right to have his legal mail opened in his presence. *See Merriweather*, 569 F3d at 317 (holding that the defendants' admissions that prison employees "improperly opened four pieces of legal mail" addressed to the plaintiff were sufficient to state a claim against the defendants for damages under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 US 388, 91 S Ct 1999, 29 L Ed 2d 619 (1971)); *see also Barrett v. Williams*, 247 Or App 309, 313-14, 270 P3d 285 (2011) (identifying other potential remedies available to an incarcerated person challenging an institution's handling of legal mail in concluding that habeas corpus was not a proper remedy).

Affirmed.