No. 833　　　　November 20, 2024　　　　325

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

ENRIQUE ZACARIAS DIAZ,
*Plaintiff-Appellant,*

*v.*

Jamie MILLER,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
22CV35555; A180121

Lung S. Hung, Judge.

Argued and submitted June 26, 2024.

Enrique Diaz argued the cause and filed the brief *pro se*.

Jona J. Maukonen argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

Plaintiff appeals a judgment denying his petition for habeas corpus relief for failing to state a claim. Plaintiff argues that his sentence and post-prison supervision did not reflect his credit for time served. Plaintiff claims that he is owed 79 days of credit for pre-sentence time served and that his post-prison supervision was miscalculated to include an additional six months. However, even if plaintiff's claims are true, he would not be eligible for release until 2026. We therefore conclude that a petition for habeas corpus relief is unavailable at this time. Accordingly, we affirm.

We review the trial court's grant of a motion to deny a petition for habeas corpus relief for legal error. *Foust v. Nooth*, 276 Or App 38, 39, 366 P3d 767, *rev dismissed*, 360 Or 236 (2016). We treat such a motion like a motion to dismiss a civil complaint, and, thus, we accept as true well-pleaded facts and any reasonable inferences drawn from them and assess whether those facts entitle plaintiff to habeas corpus relief. *Id.*

Under ORS 34.310, "[e]very person imprisoned or otherwise restrained of liberty *** may prosecute a writ of habeas corpus to inquire into the cause of such imprisonment or restraint, and if illegal, to be delivered therefrom." For plaintiff's imprisonment or restraint to be illegal, he must assert that he is currently confined in a manner that restrains his liberty. *See Pham v. Thompson*, 156 Or App 440, 444, 965 P2d 482 (1998), *rev den*, 328 Or 246 (1999) ("Habeas corpus lies to address an [adult in custody's (AIC's)] claim that the [AIC] presently is being held beyond the [AIC's] parole release date but not to address a claim that a *prospective* release date has been" miscalculated. (Emphasis in original.)). Because plaintiff's argument does not assert that he is currently confined illegally, habeas corpus relief is not available as a remedy.[1]

_____

[1] Although a writ of habeas corpus is not an available remedy in these circumstances, an AIC may have other recourse through the Offender Information and Sentence Computation Unit (OISC). *See* OAR 291-100-0080(1) (providing that "OISC must receive time served certifications directly from the county sheriff or other qualified certifying authority" to correct issues regarding pre-sentence time served); OAR 291-100-0080(2) (providing that an AIC must bring any potential discrepancies in the calculation of pre-sentence time served to the

Affirmed.

<hr />

attention of OISC and that the forms for doing so are available at the institution law library). And an AIC may petition for a writ of mandamus to the trial court to review OISC's computation of their sentence under ORS 137.370, if the AIC otherwise can meet the requirements for mandamus. *Cf. State ex rel Torres-Lopez v. Fahrion*, 333 Or App 172, 177, 552 P3d 135 (2024).