Argued and submitted February 8, affirmed March 31, 2021

JEREMY SAMSON,
*Plaintiff-Respondent,*

*v.*

Nicole BROWN,
Superintendent,
South Fork Forest Camp,
*Defendant-Appellant.*

Tillamook County Circuit Court
19CV35198; A173284

486 P3d 59

This habeas corpus action presents a question of first impression regarding the correct construction of ORS 137.635, a statute that applies when sentencing repeat offenders on certain felonies. When applicable, ORS 137.635(1) precludes eligibility for earned-time credit. The question presented is whether a person serving two prison sentences concurrently—one of which is subject to ORS 137.635 and one of which is not—may receive earned-time credit on the sentence not subject to ORS 137.635. The superintendent answers no, whereas plaintiff answers yes. In plaintiff's view, a person serving a sentence subject to ORS 137.635 may not receive earned-time credit on that sentence, but the person may receive earned-time credit on a concurrently served sentence that is not subject to ORS 137.635. The trial court agreed with plaintiff and ordered his release from custody, based on the recalculation of his earned-time credit. *Held*: The trial court did not err. Based on the text, context, and legislative history, ORS 137.635(1) precludes earned-time credit as to any sentence subject to ORS 137.635 but does not preclude earned-time credit as to a concurrently served sentence that is not subject to ORS 137.635.

Affirmed.

Mari Garric Trevino, Judge.

Timothy A. Sylwester argued the cause for appellant. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Jedediah Peterson argued the cause for respondent. Also on the brief was O'Connor Weber LLC.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

AOYAGI, J.

Affirmed.

**AOYAGI, J.**

The superintendent appeals a judgment granting habeas corpus relief to plaintiff. In dispute is the correct construction of ORS 137.635(1), which applies to sentencing of repeat offenders on certain felonies and, among other things, precludes eligibility for earned-time credit. The question is whether a person serving two prison sentences concurrently, one of which is subject to ORS 137.635 and one of which is not, may receive earned-time credit on the sentence not subject to ORS 137.635. The superintendent says no, while plaintiff says yes. The trial court agreed with plaintiff's construction of ORS 137.635(1) and ordered his release from custody, based on recalculation of his earned-time credit. We conclude that the trial court correctly construed the statute and, accordingly, affirm.

Plaintiff was convicted of first-degree burglary, attempted second-degree robbery, and attempted second-degree assault. As relevant here, he was sentenced to 60 months in prison on the burglary conviction, subject to ORS 137.635; 40 months in prison on the attempted-robbery conviction, to be served concurrently with the burglary sentence, with eligibility for "CTS/good time"; and 40 months in prison on the attempted-assault conviction, to be served consecutively to the attempted-robbery sentence (but concurrently with the remaining burglary sentence), with eligibility for "good time/CTS." Thus, for present purposes, plaintiff was essentially required to serve a 60-month sentence subject to ORS 137.635 and a concurrent 80-month sentence (40 months + 40 months) not subject to ORS 137.635.

ORS 137.635(1) provides:

"When, *in the case of a felony described in subsection (2)* of this section, a court sentences a convicted defendant who has previously been convicted of any felony designated in subsection (2) of this section, the sentence shall not be an indeterminate sentence to which the defendant otherwise would be subject under ORS 137.120, but, unless it imposes a death penalty under ORS 163.105, the court shall impose a determinate sentence, the length of which the court shall determine, to the custody of the Department of Corrections. Any mandatory minimum sentence otherwise provided by

law shall apply. The sentence shall not exceed the maximum sentence otherwise provided by law in such cases. The convicted defendant who is subject to this section shall not be eligible for probation. The convicted defendant shall serve the entire sentence imposed by the court and shall not, during the service of such a sentence, be eligible for parole or any form of temporary leave from custody. *The person shall not be eligible for any reduction in sentence pursuant to ORS 421.120 or for any reduction in term of incarceration pursuant to ORS 421.121.*"

(Emphases added.)

First-degree burglary is one of the felonies described in subsection (2), ORS 137.635(2)(h), *i.e.*, it is a conviction for which sentencing is subject to ORS 137.635(1) if the defendant has a qualifying prior conviction. As for the two statutes referenced in the last line of ORS 137.635(1), ORS 421.120 provides for reduction in sentence when an adult in custody "faithfully has observed the rules of the institution," applies only to offenders sentenced for felonies committed before November 1989, and is commonly called "good-time credit." *See* ORS 421.120(6); OAR 291-097-0270. Meanwhile, ORS 421.121 provides for reduction in term of incarceration based on "[a]ppropriate institutional behavior," *inter alia*, and is commonly called "earned-time credit." *See* OAR 291-097-0210(3). In this case, although the sentencing judgment refers to "good time," the parties agree that, in context, it means earned-time credit under ORS 421.121. We proceed accordingly.

Because of his criminal history, plaintiff's first-degree burglary sentence was subject to ORS 137.635, such that plaintiff was required to serve the entire 60 months of that sentence and, among other things, could not receive earned-time credit on that sentence. That much is agreed by everyone. The point of disagreement is whether, during that 60 months, plaintiff could receive earned-time credit on his concurrently served attempted-robbery and attempted-assault sentences, even though he could not receive it on his burglary sentence. In the superintendent's view, ORS 137.635 applies to the person, not to the sentence, such that a person serving a sentence subject to ORS 137.635 cannot receive any earned-time credit for any purpose. Consistent

with that view, for the first 60 months of plaintiff's imprisonment, the Department of Corrections (DOC) considered plaintiff ineligible for any earned-time credit on any sentence and did not begin counting earned time until the 61st month of his imprisonment. At that point, by DOC calculations, plaintiff had served his entire attempted-robbery sentence and half of his attempted-assault sentence. Thus, in effect, DOC treated plaintiff as ineligible for any earned-time credit on his attempted-robbery sentence and as eligible for earned-time credit on his attempted-assault sentence only during the last 20 months of that sentence.

Plaintiff disagreed with DOC's construction of ORS 137.635. He brought a habeas corpus claim, asserting that he was wrongfully imprisoned due to DOC's miscalculation of his earned-time credit on the attempted-robbery and attempted-assault sentences. The thrust of plaintiff's argument was that, although ORS 137.635(1) precluded him from receiving any earned-time credit on the burglary sentence, it had no effect on his receiving earned-time credit on the attempted-robbery and attempted-assault sentences. In other words, in plaintiff's view, ORS 137.635 applies to the sentence, specifically the sentence that is subject to ORS 167.635, not to the person.

The trial court agreed with plaintiff, denying the superintendent's motion to dismiss, and granting plaintiff's claim for relief. The court noted that the sentencing judgment expressly provided for credit eligibility on the attempted-robbery and attempted-assault sentences. As for the statutory-construction issue, the court said, "ORS 137.635(1) explicitly states that it applies to sentencing on repeat felonies listed in section (2). There is no mention in this statute of its applicability to concurrent lesser sentences. The legislature could clearly have so provided if it chose." Finally, the court agreed with plaintiff "that the sentencing anomalies which would stem from [the superintendent's] interpretation make it untenable."

The superintendent appeals, assigning error both to the denial of her motion to dismiss the writ (which was functionally equivalent to a summary judgment motion in this context) and to the grant of plaintiff's claim for relief. Both

assignments raise the same legal issue, which is the correct construction of ORS 137.635(1), an issue of first impression in this court.

ORS 137.635 was enacted by ballot initiative in 1988 and later amended by the legislature to include reference to ORS 421.121. The same "standard principles of statutory construction" apply to statutes enacted by initiative as to statutes (or amendments) enacted by the legislature. *State v. Allison*, 143 Or App 241, 244, 923 P2d 1224, *rev den*, 143 Or App 241 (1996). That is, we examine the text of the disputed provision, the statutory context, and any helpful legislative history to determine the enactors' intent. *See State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009). Unless the statute indicates otherwise, we assume that words of common usage were intended to have their "plain, natural, and ordinary meaning." *PGE v. Bureau of Labor and Industries*, 317 Or 606, 611, 859 P2d 1143 (1993).

The disputed portion of ORS 137.635(1) provides, "The person shall not be eligible for any reduction in sentence pursuant to ORS 421.120 or for any reduction in term of incarceration pursuant to ORS 421.121." Emphasizing the words "person" and "term of incarceration," the superintendent argues that, under that provision, *plaintiff* was not eligible for any earned time during the 60 months that he was serving his burglary sentence, regardless of what other sentences he was also serving during that time period.

We are unpersuaded. The "person" at issue is a person serving a sentence that is subject to ORS 137.635. That is undisputed. The question is whether the statute means that such a person is ineligible for a reduction in term of incarceration pursuant to ORS 421.121 *on the sentence that is subject to ORS 137.635* or, rather, is ineligible for a reduction in term of incarceration pursuant to ORS 421.121 *on all sentences that the person is serving*.

Notably, the superintendent has been unable to explain satisfactorily why, if the latter is the intended meaning, the person's ineligibility for reduction in term of incarceration ceases when the sentence subject to ORS 137.635 has been fully served, even if other sentences remain to be

served. Logically, if ineligibility is tied to the person generally and their term of incarceration generally, not the specific sentence subject to ORS 137.635, the more natural argument would be that a person imprisoned on multiple convictions, at least one of which has a sentence subject to ORS 137.635, is ineligible for any reduction in term of incarceration pursuant to ORS 421.121 for the duration of their incarceration, regardless of what sentence or sentences the person is serving at any given time. Although taking a more moderate position may have strategic benefits, it requires the superintendent to argue for a rather difficult construction of the statute: one under which a person serving a sentence that is subject to ORS 137.635 is ineligible for a reduction in term of incarceration pursuant to ORS 421.121 *on all sentences that the person is serving, until any sentences that are subject to ORS 137.635 are fully served, at which point the person becomes eligible for a reduction in term of incarceration pursuant to ORS 421.121 on any remaining sentences that are not subject to ORS 137.635.*

Putting aside that wrinkle, we agree with the trial court that, in any event, the correct construction of ORS 137.635(1) is that a person serving a sentence subject to ORS 137.635 is ineligible for a reduction in term of incarceration pursuant to ORS 421.121 *on that sentence.* As both parties recognize, ORS 137.635 does not expressly address a concurrent-sentencing scenario, requiring us to discern the intended scope of the statute. Doing so, we conclude that any ambiguity in the wording of the disputed text is resolved by its context and, to a lesser extent, legislative history.

We make two observations about the text and context of ORS 137.635(1). The first is that the phrase "reduction in term of incarceration" comes directly from ORS 421.121, which provides for a "reduction in the term of incarceration" in certain circumstances, and the parallel phrase "reduction in sentence" derives directly from ORS 421.120, which provides for a "deduction from the term of sentence" in certain circumstances. That undermines the superintendent's suggestion that the use of the phrase "term of incarceration" in ORS 137.635(1) is meant to signal that ineligibility for ORS 421.121 credit goes beyond the "sentence" that is subject to ORS 137.635 and extends to the entire incarceration term

(or at least the portion of the incarceration term until the sentence subject to ORS 137.635 is fully served). In context, "term of incarceration" is simply a reference to the terms of ORS 421.121.

The second observation is that ORS 137.635(1) uses "the sentence" when discussing the prison term imposed by the court for the qualifying felony and uses "the convicted defendant" or "the person" when discussing probation or time credits that would cause the person to serve less time in prison than the term imposed. The initial portion of the statute addresses the sentence itself, including requiring that the court impose a determinate sentence that does not exceed the maximum sentence otherwise provided by law. ORS 137.635(1). The remainder addresses probation and credits. Specifically, "[t]he convicted defendant who is subject to this section shall not be eligible for probation." *Id.* Then, "[t]he convicted defendant shall serve the entire sentence imposed by the court and shall not, during the service of such a sentence, be eligible for parole or any form of temporary leave from custody." *Id.* Finally, "[t]he person shall not be eligible for any reduction in sentence pursuant to ORS 421.120 or for any reduction in term of incarceration pursuant to ORS 421.121." *Id.*

Reading ORS 137.635(1) as a whole, it is apparent that each line is intended to address different aspects of the sentence imposed on the convicted defendant for the felony that is subject to ORS 137.635, towards the ultimate goal of ensuring that the defendant is sentenced to a determinate term in prison for that felony and serves every day of it. That is perhaps most directly driven home by the introductory language of ORS 137.635(1): "When, *in the case of a felony described in subsection (2) of this section*, a court sentences a convicted defendant who has previously been convicted of any felony designated in subsection (2) of this section, ***." (Emphasis added.) The rest of that line and the next two lines require imposition of a prison term of determinate length for the qualifying felony, while the subsequent lines cut off access to anything that would allow the person to serve one less day in prison than the imposed term. Thus, the most plausible construction of ORS 137.635(1) is that it is directed at the sentence imposed on a qualifying felony—and that it

does not affect any concurrent sentences *not subject to ORS 137.635* that a person may also be serving.

That construction is also consistent with the legislative history. Most of the language of ORS 137.635(1) dates back to the 1988 ballot measure, Ballot Measure 4 (1998), titled "REQUIRES FULL SENTENCES WITHOUT PAROLE, PROBATION FOR CERTAIN REPEAT FELONIES."[1] Official Voters' Pamphlet, General Election, Nov 8, 1988, 17; *see also Allison*, 143 Or App at 251 ("In the case of statutes enacted by initiative, the 'legislative history' of the law includes statements contained in the voters' pamphlet."). The explanatory statement in the voters' pamphlet begins,

> "Ballot Measure #4 changes the sentence certain repeat felony offenders receive and must serve. Offenders sentenced under Ballot Measure #4 must serve the full sentence imposed by the court in the custody of the Department of Corrections. Offenders are not eligible for parole, temporary leave or reduction in time for such reasons as good behavior, prison employment or educational activity.

> "Under Ballot Measure #4 a court can not grant probation, but must sentence the offender to a specific length of time in prison. Ballot Measure #4 establishes no new minimum or maximum sentences."

Voters' Pamphlet at 18.

The measure's sponsors, Oregonians Against Crime, similarly described it as a "common sense" measure that would require "two-time murderers, two-time rapists, and two-time armed robbers [to] serve their full sentences behind bars" without parole, probation, temporary leave, or time off for good behavior. *Id*. Other statements both in favor and against the measure also focused on repeat-offender sentencing for "violent" felonies, arguing either for or against requiring such sentences to be served in full. *Id*. at 19-24. In other words, the legislative history shows that the purpose of the 1988 measure was to ensure that, for certain felonies, repeat offenders would fully serve their imposed prison sentences for those felonies.

---

[1] That measure has been referred to colloquially in older case law as the "Denny Smith law."

That is not the end of the matter with respect to legislative history though. Although today's ORS 137.635(1) is largely identical to the initiative language, the one sentence that has changed is the one at issue in this case. As originally enacted, ORS 137.635 concluded, "The person shall not be eligible for any reduction in sentence pursuant to ORS 421.120." ORS 137.635 (1989). That is not surprising, because ORS 421.121 did not exist at the time—it was enacted in 1989 when the sentencing guidelines were enacted. *See* Or Laws 1989, ch 790, §§ 60, 61. In 1995, the legislature amended ORS 137.635(1) to read, as it does now: "The person shall not be eligible for any reduction in sentence pursuant to ORS 421.120 *or for any reduction in term of incarceration pursuant to ORS 421.121.*" Or Laws 1995, ch 79, § 49 (emphasis added).

The little legislative history that exists regarding that amendment indicates that it was understood as a minor update to the statute. *See* Tape Recording, Senate Committee on Judiciary, SB 851, Mar 14, 1995, Tape 54, Side A (statement of Chief Deputy Legislative Counsel Chuck Wilson) (describing SB 851 as "for the purpose of correcting lots of erroneous material in Oregon Revised Statutes," such as "grammar, syntax, punctuation, obsolete provisions, and internal references"; describing the amendments as "pretty dry stuff"; and stating that "we think nothing in here is substantive"). By contrast, the superintendent's proposed interpretation would require it to be understood as significantly changing the scope of ORS 137.635(1). Although the legislative history is only minimally helpful, it does lend some additional support to plaintiff's construction.

For all of those reasons, we conclude that the disputed portion of ORS 137.635(1)—regarding a person's ineligibility "for any reduction in term of incarceration pursuant to ORS 421.121," *i.e.*, earned-time credit, when serving a determinate sentence on a qualifying felony—applies only to the sentence on the qualifying felony. It does not apply to a sentence that is not subject to ORS 137.635, even if that sentence is served concurrently with a sentence that is subject to ORS 137.635. If a person is serving prison time on two sentences simultaneously, one of which is subject to ORS 137.635 and one of which is not, then the earned-time

prohibition in ORS 137.635 applies at all times to the sentence that is subject to ORS 137.635, but it never applies to the sentence that is not subject to ORS 137.635.

Having correctly construed the statute, the trial court did not err when it denied the superintendent's motion to dismiss and granted plaintiff's request for relief.

Affirmed.