Argued and submitted October 27, 2021, affirmed April 26, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

REBECCA JO BACA,
*Defendant-Appellant.*

Douglas County Circuit Court
19CR25214; A172320

529 P3d 242

Defendant appeals from a judgment of conviction for one count of discarding trash within 100 yards of state waters. She assigns error to the trial court's denial of her motion for a judgment of acquittal with respect to trash that was bagged and placed on a tarp inside her campsite, arguing that the trash was discarded in a receptacle provided for the purpose of holding such trash, which is an exception to the prohibition on discarding trash near state waters. *Held*: The Court of Appeals agreed that a garbage bag may qualify as a receptacle provided for the purpose of holding trash, and further concluded that a receptacle can become trash itself if it is discarded. The trial court did not err in denying defendant's motion for a judgment of acquittal because a rational factfinder could have found that defendant had discarded the bags and the trash inside of them within 100 yards of state waters and had not discarded the garbage bags in a receptacle provided for the purpose of holding such trash.

Affirmed.

Frances Elaine Burge, Judge.

Kyle Krohn, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Jennifer Lloyd, Assistant Attorney General, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Julia Glick, Assistant Attorney General.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

Defendant appeals from a judgment convicting her of discarding trash within 100 yards of waters of the state, ORS 164.775(1). The charge arose out of two piles of trash along the bank of the South Umpqua River: a pile about 20 feet from defendant's tent and tarps and a number of bags of trash inside the tented area. In her sole assignment of error, defendant argues the trial court erred in denying her motion for a judgment of acquittal with respect to trash that was bagged and placed on a tarp in her campsite. She contends that the trash was discarded in a receptacle provided for the purpose of holding such trash, which is an exception to the prohibition on discarding trash within 100 yards of state waters.[1] We conclude that, although a garbage bag may qualify as a receptacle provided for the purpose of holding trash, the trial court did not err in denying the motion for a judgment of acquittal.

We review a trial court's denial of a motion for a judgment of acquittal to determine whether, viewing the facts in the light most favorable to the state, a rational fact-finder could have found the essential elements of the crime beyond a reasonable doubt. *State v. H. D. E.*, 370 Or 579, 581 & n 2, 522 P3d 829 (2022).

Douglas County Sheriff's Deputy VanDrimmelen responded to a call about people camping and littering along the bank of the South Umpqua River in a location known as Freedom Camp. VanDrimmelen encountered multiple people camping in the area, including defendant, and noted large amounts of trash everywhere. Defendant's camp, which was separate from other campers, was in a wooded area 30 to 50 feet from the river and consisted of a tent and some tarps tied to the trees. In addition to a trash pile roughly 20 feet from the tent and tarps, VanDrimmelen

---

[1] ORS 164.775 provides, in part:

"(1) It is unlawful for any person to discard any glass, cans or other trash, rubbish, debris or litter on land within 100 yards of any of the waters of the state, as defined in ORS 468B.005, other than in receptacles provided for the purpose of holding such trash, rubbish, debris or litter.

"*****

"(6) Violation of this section is a Class B misdemeanor."

saw a number of full garbage bags that were piled on a tarp inside defendant's living area. The state introduced into evidence VanDrimmelen's body camera footage and photos of the area, and VanDrimmelen's testimony was consistent with that evidence. Screenshots from the body camera footage show both piles of trash:





Based on the trash present, defendant was cited for discarding trash within 100 yards of state waters, and the case proceeded to a jury trial.

At trial, after the state presented its case-in-chief and rested, defendant advanced two motions outside the presence of the jury. First, defendant moved for a judgment of acquittal, arguing that no reasonable juror could conclude that defendant deposited the trash. Second, defendant moved for the state to elect which trash formed the basis of the charge: the pile of trash 20 feet from the campsite or the bagged trash inside the campsite. On the latter motion, the prosecutor asserted, among other arguments, that both piles of trash could be considered: "Even the *** bagged up garbage, I think, would *** arguably be there, if not properly disposed of[.]"[2] In response, and in clarifying the motion for a judgment of acquittal, defendant argued that the trash inside the camp was in bags, which qualify as receptacles, and thus that trash did not violate the statute. Defendant asserted that, if the trash was in a bag, then it was not discarded; rather, "[i]t is waiting to be disposed of which is different from discarding." With respect to the pile of trash away from the campsite, defendant argued that there was no evidence that she discarded any of that trash, asserting it was already there when she set up her camp. The court denied the motion for a judgment of acquittal.

Defendant then testified that the trash around the campsite had been there when she arrived in the area, and that she had been slowly getting rid of it when she had a garbage bag to fill. She further testified that she would bag up her own trash and dispose of it in a dumpster at her church, which accounted for the bags of trash inside her campsite.[3] As noted, the jury found defendant guilty, and this timely appeal followed.

On appeal, defendant argues that the trial court erred in denying her motion for a judgment of acquittal with

---

[2] The state also argued that the camp itself, including the tents, tarps, and other various items, like a broken bucket, arguably could be considered; however, the state did not further pursue that rationale in its arguments to the jury. Defendant contended that the tents and tarps were not discarded, as they were still being used as defendant's living area. The parties do not raise any issues with respect to the tent and tarps on this appeal and therefore we do not consider that as part of our analysis.

[3] Defendant's testimony and argument did not question that the items inside the bags had been discarded. That is, she makes no assertion that the bags contained any undiscarded items.

respect to the trash that was bagged up inside her camp-site.[4] She asserts that the garbage bags qualify as "receptacles provided for the purpose of holding such trash," and thus the jury could not find that she violated ORS 164.775 when she discarded her trash in those receptacles. The state remonstrates that the context of the statute does not support defendant's assertion that a garbage bag is a receptacle provided for the purpose of holding trash. The state further argues that it was a question for the jury to determine whether to believe defendant's testimony that she intended to dispose of the bags in her church dumpster, and thus the trial court appropriately denied the motion for a judgment of acquittal.

We begin with the text of the statute at issue, applying the statutory interpretive framework established in *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009) (explaining that we examine a statute's text, context, and pertinent legislative history to discern the legislature's intent). *See also Stop B2H Coalition v. Dept. of Energy*, 370 Or 792, 800, 525 P3d 864 (2023) (noting that, in construing a statute, a court "attempt[s] to discern the intent of the legislature that enacted it"). If the legislature has not provided a definition of a statutory term, we "ordinarily look to the plain meaning of a statute's text as a key first step in determining what particular terms mean." *Comcast Corp. v. Dept. of Rev.*, 356 Or 282, 295, 337 P3d 768 (2014).

ORS 164.775(1) makes it unlawful to discard any trash within 100 yards of state waters, "other than in receptacles provided for the purpose of holding such trash, rubbish, debris or litter." Because the legislature did not provide a definition of the terms "receptacle" or "provided," we begin with contemporary dictionary definitions of the

---

[4] Defendant acknowledges that the jury could have convicted her based on the trash pile outside her living space delineated by the tent and tarps, but asserts that the motion for a judgment of acquittal should have been granted as to the bagged trash. Because the state relied on both theories and defendant offered different defenses based on the different types of trash, she argues on appeal that the jury could have believed that she was not responsible for the trash outside her tented area, and thus could have acquitted her of the charge if the motion for a judgment of acquittal had been granted with respect to the bagged trash.

words.[5] One dictionary defined "receptacle" as "that which serves, or is used, for receiving and containing or sheltering; a repository; now, usually, a container; a holder." *Webster's New Int'l Dictionary* 2077 (unabridged 2d ed 1959). The dictionary definitions of "provide" included: "to look out for in advance; to procure beforehand; to supply for use; afford; contribute." *Id*. at 1994. As defendant's argument notes, the statute does not specify who was to provide the receptacle. The state asserts that the statute implies that refuse was to be discarded in a receptacle traditionally used for the collection, containment, and regular removal of waste, such as a dumpster or municipal garbage can. Although such an interpretation certainly is logical, it is not for the court to "insert what has been omitted" from a statute in construing its meaning. ORS 174.010. To require a receptacle to be solid or durable, or to have been provided by a landowner, government entity, or waste disposal utility would be to add words to the statute that do not exist. We see no reason why, under the plain text of the statute, a garbage bag could not qualify as a receptacle or why an individual could not provide his, her, or their own receptacle for the purpose of holding trash. We therefore agree with defendant's argument that a garbage bag may qualify as a "receptacle[] provided for the purpose of holding such trash" under the statute.[6]

That determination, however, does not fully resolve the matter before us. Both parties agree that a receptacle of any kind—whether it is similar to a municipal garbage can on the sidewalk or a garbage bag like in this case—can become trash itself if it is abandoned or discarded. That is,

---

[5] The statute was originally enacted in 1959 to curtail littering around public waters, and provided:

"Persons on land within 100 yards of any stream, lake, reservoir or pond or channel thereof, and not having a present possessory interest in such land, shall not throw, discard or leave trash, rubbish, or debris other than in receptacles provided for the purpose of holding such trash, rubbish or debris."

*Former* ORS 449.107 (1959), *renumbered as* ORS 164.775 (1973); *see also* Minutes, House Committee on Fish and Game, HB 625, Mar 30, 1959 (statement of bill sponsor Rep Shirley Field that this was "a very simple bill which attempts to correct [the] problem of litter distribution around our streams and lakes").

[6] We have reviewed the legislative history of the statute, and it does not aid our analysis. The purpose of deterring littering and ensuring the cleanliness and usability of state waters does not clarify the meaning of the terms "receptacle" or "provided."

someone would not be free to dump an unwanted garbage can in or near a river just because the garbage can may qualify as a receptacle. That conclusion is consistent with our prior decision holding that the legislature intended ORS 164.775 to "punish and deter the discarding as refuse of an object in or within 100 yards of the waters of the state, regardless of any utility that the object might have in a different context." *State v. Essex*, 215 Or App 527, 531, 170 P3d 1094 (2007). The parties also agree that bagging up trash and retaining it for proper disposal at a later time is not improper. What the parties dispute is whether, under the facts of this case, the garbage bags full of trash had been discarded. On that question, we must determine whether the evidence, viewed in the light most favorable to the state, was sufficient to allow a rational factfinder to find that defendant had discarded the bags of trash.[7] In making that assessment, we must allow for "reasonable inferences" while also recognizing that a jury may not engage in "speculation and guesswork." *State v. Bivins*, 191 Or App 460, 467, 83 P3d 379 (2004).

Defendant argued in her motion for a judgment of acquittal and before the jury that she intended to dispose of the bagged trash in a dumpster at her church. As defendant acknowledges on appeal, however, the jury did not have to believe that testimony. Given the totality of the evidence, including VanDrimmelen's testimony and the photos and video of the campsite presented at trial, a rational factfinder could have found that defendant had discarded the bags and the trash inside of them within 100 yards of state waters (just like the pile of trash 20 feet from the campsite) and had

---

[7] The state asserts that defendant did not challenge in her briefing before this court the sufficiency of the evidence with respect to whether the bags themselves were discarded. However, defendant argued in her opening brief that the state presented no evidence contrary to her testimony that she planned to further dispose of the bags or any evidence that the bags had been abandoned or were themselves trash. Accordingly, we conclude that defendant has sufficiently raised this issue on appeal.

In addition, the parties' arguments before the trial court and on appeal do not grapple with the meaning of the term "discarded" as used in ORS 164.775(1). We do not understand defendant to have raised the issue of whether the bagged trash could be considered "discarded" as a matter of law, and we express no opinion on that issue; rather, we understand her argument on this point to be a factual question, which, as we explain, is one for the factfinder.

not discarded the garbage bags in a receptacle provided for the purpose of holding such trash. Therefore, the trial court did not err in denying defendant's motion for a judgment of acquittal.

Affirmed.