Submitted April 10, reversed and remanded September 20, 2023

SCOTT ANTHONY WOODS,
*Plaintiff-Appellant,*

*v.*

Kimberly HENDRICKS,
Superintendent,
Santiam Correctional Institution,
*Defendant-Respondent.*

Marion County Circuit Court
21CV26750; A178703

537 P3d 163

Plaintiff appeals from the trial court's judgment granting the superintendent's motion to dismiss his petition for habeas corpus relief. Plaintiff was sentenced on four counts, three of which were subject to statutes that restricted eligibility for any reduction in the term of incarceration and one, Count 5, was eligible for earned-time credit. The trial court imposed a 60-month sentence on Count 5 that ran 42 months concurrently to Count 6 and 18 months consecutively to Count 6, which was subject to ORS 137.700 and ineligible for earned time. The Department of Corrections determined that plaintiff was entitled to earned time during only the consecutive portion of that sentence. On appeal, plaintiff argues that our decision in *Samson v. Brown*, 310 Or App 319, 486 P3d 59 (2021), and a plain reading of the term-reduction statute, ORS 421.121, entitles him to earned time for the entirety of the eligible sentence. *Held*: The sentencing judgment for Count 5 did not make plaintiff's sentence subject to any of the exceptions in ORS 421.121(1). Although ORS 137.700 precludes the possibility of a person receiving any kind of reduction in term of incarceration for the sentence that is subject to that statute, it had no effect on a concurrent sentence that is not subject to that statute. Accordingly, the sentence for Count 5 was eligible for earned-time credit, and the trial court erred in dismissing plaintiff's habeas petition.

Reversed and remanded.

Courtland Geyer, Judge.

Jedediah Peterson and O'Connor Weber, LLC, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

POWERS, J.

Reversed and remanded.

**POWERS, J.**

Plaintiff appeals from the trial court's judgment granting the superintendent's motion to dismiss his petition for habeas corpus relief. He challenges the authority for his confinement by asserting that he was held past the expiration date of his term of incarceration due to an improper calculation by the Department of Corrections (DOC) of his eligibility for earned-time credit under ORS 421.121. Defendant, the superintendent of the institution where plaintiff was incarcerated, moved to deny the petition under ORS 34.680(1), asserting that DOC correctly calculated plaintiff's sentence. The trial court granted defendant's motion, and plaintiff appeals. As explained below, because plaintiff's sentence was eligible for earned time, the trial court erred in dismissing plaintiff's habeas petition. Accordingly, we reverse and remand.

ORS 34.680(1) provides that a habeas "defendant may, before the writ issues, move to deny the petition on the grounds that the petition fails to state a claim for habeas corpus relief." We review the denial of a petition for writ of habeas corpus under ORS 34.680(1) for legal error. *Barrett v. Williams*, 247 Or App 309, 311, 270 P3d 285 (2011), *rev den*, 352 Or 25 (2012). A motion to deny a habeas corpus petition under ORS 34.680(1) is analogous to a motion to dismiss under ORCP 21A(1)(h). *Barrett*, 247 Or App at 311.[1] In our review of the denial of the habeas petition, we view the allegations and related inferences in the light most favorable to the plaintiff to determine whether the petition alleges a legally sufficient claim. *Rankin v. Landers*, 317 Or App 493, 494, 505 P3d 497 (2022).

The relevant facts are few and undisputed. Plaintiff was convicted of first-degree burglary, ORS 164.225 (Count 1); two counts of second-degree robbery, ORS 164.405 (Counts 6 and 7); and attempted second-degree robbery, ORS 161.405(2)(c) (Count 5). Three of plaintiff's convictions were subject to statutes that restricted eligibility for any reduction in the term of incarceration; however, his conviction for Count 5 was not. Specifically, for Count 1, the court imposed a 60-month sentence that was subject to ORS 137.635 and

---

[1] *Barrett* refers to *former* ORCP 21 A(8), which was renumbered as ORCP 21 A(1)(h), effective January 1, 2022.

not eligible for any reduction in term.[2] For Counts 6 and 7, the court imposed a 70-month sentence, concurrent with Count 1, that was subject to ORS 137.700 and not eligible for any reduction in term.[3] For Count 5, the court imposed a 60-month sentence that was eligible for reduction. That is, the judgment specifically provides that plaintiff "may be considered by the executing or releasing authority for any form of reduction in sentence, temporary leave from custody, work release, or program of conditional or supervised release authorized by law for which [plaintiff] is otherwise eligible at the time of sentencing."

The issue in this case centers around the sentence for Count 5 and plaintiff's eligibility to accumulate earned-time credit during the service of that sentence.[4] The sentencing court split or spliced the 60-month sentence for Count 5 into two parts: a 42-month term served concurrent to

---

[2] ORS 137.635 provides, in part:

"(1) When, in the case of a felony described in subsection (2) of this section, a court sentences a convicted defendant who has previously been convicted of any felony designated in subsection (2) of this section, the sentence shall not be an indeterminate sentence to which the defendant otherwise would be subject under ORS 137.120, but, unless it imposes a death penalty under ORS 163.105, the court shall impose a determinate sentence, the length of which the court shall determine, to the custody of the Department of Corrections. *** The convicted defendant shall serve the entire sentence imposed by the court and shall not, during the service of such a sentence, be eligible for parole or any form of temporary leave from custody. The person shall not be eligible for any reduction in sentence pursuant to ORS 421.120 or for any reduction in term of incarceration pursuant to ORS 421.121.

"(2) Felonies to which subsection (1) of this section applies include and are limited to:

"*****

"(h) Burglary in the first degree, as defined in ORS 164.225."

[3] ORS 137.700(2)(a)(S) provides that the mandatory minimum sentence for second-degree robbery is a 70-month term of incarceration. Further, ORS 137.700(1) provides, in part:

"The person is not, during the service of the term of imprisonment, eligible for release on post-prison supervision or any form of temporary leave from custody. The person is not eligible for any reduction in, or based on, the minimum sentence for any reason whatsoever under ORS 421.121 or any other statute."

[4] For certain convictions, an incarcerated person may be eligible for "Earned Time Credits," which reduce the term of their incarceration. OAR 291-097-0210(4); *see also* ORS 421.121 (setting forth the conditions under which an adult in the custody of the Department of Corrections may be eligible for a reduction in term).

Count 6 (and also concurrent to a federal sentence), and an 18-month term served consecutive to Count 6. Importantly, as noted earlier, the judgment for Count 5 provides that plaintiff is eligible for any reduction in sentence, including under ORS 421.121. In calculating his total incarceration term, DOC determined that plaintiff was entitled to receive earned-time credit during only the second portion of Count 5, *viz.*, DOC calculated earned time for only the 18-month portion of Count 5 and denied plaintiff earned time during the concurrent 42-month portion.

Plaintiff's habeas corpus petition challenged that calculation. He argued that Count 5 was eligible for reduction under ORS 421.121 and that he was entitled to accumulate earned-time credit during the entirety of that 60-month sentence. The superintendent moved to dismiss plaintiff's habeas petition, contending that plaintiff had been credited with the appropriate earned time based on the structure of his sentence. In the superintendent's view, because the sentencing court split Count 5 into two parts, with one portion concurrent and the other consecutive to Count 6 (which was subject to ORS 137.700 and not eligible for earned time) any credits earned during the concurrent 42-month term had no impact on his release date.

The parties' different interpretations of how to calculate the appropriate earned-time credit result in a significant difference to plaintiff's total incarceration time. Under plaintiff's interpretation, he would be considered for a 20-percent reduction of the entire 60-month sentence, reducing his sentence on Count 5 by 12 months. Whereas, under the superintendent's interpretation, plaintiff would be considered for a 20-percent reduction of only the 18-month term, reducing his sentence by about 3.5 months. Ultimately, the trial court agreed with the superintendent's position, concluding that DOC had appropriately calculated plaintiff's sentence such that he was entitled to earned time during only the consecutive 18-month portion of Count 5. Accordingly, the court granted the superintendent's motion to dismiss plaintiff's petition for writ of habeas corpus.

Plaintiff appeals, assigning error to the court's decision to grant the motion to dismiss. On appeal, he argues

that our decision in *Samson v. Brown*, 310 Or App 319, 486 P3d 59 (2021), and a plain reading of the term-reduction statute, ORS 421.121, entitles him to earned time for the entire term of Count 5. Thus, because our task involves interpreting the applicable sentencing statutes, we turn to the familiar framework to do so. *See State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009) (explaining that we examine the text, context, and any pertinent legislative history to discern the legislature's intended meaning). We begin our analysis with ORS 421.121, which provides, in part:

> "(1)   Except as provided in ORS 137.635, 137.700, 137.707, 163.105, 163.107 and 163.115, each adult in custody sentenced to the custody of the Department of Corrections for felonies committed on or after November 1, 1989, is eligible for a reduction in the term of incarceration for:
>
> "(a)   Appropriate institutional behavior, as defined by rule of the Department of Corrections; and
>
> "(b)   Participation in the adult basic skills development program described in ORS 421.084."

The sentencing judgment for Count 5 did not make plaintiff's sentence subject to any of the exceptions in ORS 421.121(1). Thus, under the terms of ORS 421.121(1), his sentence for Count 5 "is eligible for a reduction in the term of incarceration." The superintendent's view would impose an additional restriction not listed in the text of the statute, *viz.*, it would require that eligibility for earned time further depend upon whether the sentence was run concurrent with an ineligible sentence. That approach runs contrary to the framework for statutory interpretation. *See* ORS 174.010 (providing that the court's role in statutory interpretation "is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted"); *see also State v. Baca*, 325 Or App 503, 508-09, 529 P3d 242 (2023) (applying ORS 174.010 and noting that, although the state's interpretation was logical, it required us to add words to the statute that did not exist).

Moreover, nothing in the statute's text or context persuades us that the legislature intended eligibility for

earned time to depend on the nature of any concurrent sentence. That is, we are not persuaded that eligibility for earned-time credit under ORS 421.121 is driven by whether a trial court structures the sentence to run consecutive or concurrent to a non-eligible sentence.[5]  When the trial court made Count 5 eligible for earned-time credits, it did not limit that eligibility to only the portion of time that was consecutive to an ineligible sentence. Thus, because the sentence for Count 5 is not subject to one of the exceptions listed in ORS 421.121(1), if plaintiff meets the requirements of ORS 421.121(1)(a) and (b), the entire sentence for Count 5 is eligible for earned-time credits.

The superintendent also argues that, despite its eligibility under ORS 421.121, the sentence for Count 5 is ineligible under ORS 137.700. That statute provides, in part:

"Notwithstanding ORS 161.605, when a person is convicted of one of the offenses listed in subsection (2)(a) of this section and the offense was committed on or after April 1, 1995, or of one of the offenses listed in subsection (2)(b) of this section and the offense was committed on or after October 4, 1997, or of the offense described in subsection (2)(c) of this section and the offense was committed on or after January 1, 2008, the court shall impose, and the person shall serve, at least the entire term of imprisonment listed in subsection (2) of this section. The person is not, during the service of the term of imprisonment, eligible for release on post-prison supervision or any form of temporary leave from custody. The person is not eligible for any reduction in, or based on, the minimum sentence for any reason whatsoever under ORS 421.121 or any other statute. The court may impose a greater sentence if otherwise

---

[5] Implicit in the superintendent's argument appears to be the assumption that the trial court is authorized to split or splice earned-time eligibility just as it can order only a portion of a sentence to be served concurrently or consecutively to another sentence. *Compare* ORS 137.750 (requiring a sentencing court to order that a defendant may be considered for release, leave, and certain sentencing programs for which the defendant is otherwise eligible unless the court makes a finding on the record that substantial and compelling reasons exist that warrant a contrary result) *with* ORS 137.123 (providing that a "sentence imposed by the court may be made concurrent or consecutive to any other sentence which has been previously imposed or is simultaneously imposed upon the same defendant"). Because we understand the sentencing judgment in this case to have made Count 5 eligible for earned time for the entire sentence, we do not address the underlying premise of the superintendent's argument.

permitted by law, but may not impose a lower sentence than the sentence specified in subsection (2) of this section."

ORS 137.700(1).

Because second-degree robbery (Count 6) is one of the felonies described in subsection (2) of ORS 137.700(2)(a)(S), the superintendent asserts that the limitations of that statute apply with equal force to the concurrent portion of the sentence for Count 5. In the superintendent's view, ORS 137.700 imposes restrictions from eligibility for earned time on the person, rather than the sentence, and because Count 5 must be served concurrent to Count 6, plaintiff is ineligible to accumulate any earned-time credit until the ORS 137.700 sentence is completed.

As plaintiff argues, and the superintendent recognizes, those same arguments were made in *Samson* about ORS 137.635. 310 Or App at 321-22. In that case, after conducting an analysis of ORS 137.635, we concluded that, although that statute precludes the possibility of a person receiving any kind of reduction in term of incarceration for the sentence that is subject to that statute, it had no effect on a concurrent sentence that is not subject to that statute. *Id.* at 325-26. That is, when a person is serving two sentences simultaneously, "one of which is subject to ORS 137.635 and one of which is not, then the earned-time prohibition in ORS 137.635 applies at all times to the sentence that is subject to ORS 137.635, but it never applies to the sentence that is not subject to ORS 137.635." *Id.* at 327-28. That same logic applies here. Although we recognize that ORS 137.635 and ORS 137.700 are not identical, we are not persuaded that any distinction between the two statutes leads to a different conclusion in this case than that of *Samson*. Both statutes prohibit eligibility for term reductions on sentences that are subject to them; however, neither operates to prohibit eligibility for sentences that are not subject to them. Indeed, ORS 137.700 provides that a person is not eligible for any reduction in, or based on, "the minimum sentence," which is different from making a person ineligible because the sentence is served simultaneously or consecutively to a sentence that is ineligible.

Accordingly, because we conclude that the sentencing judgment for Count 5 provides that plaintiff is eligible for earned-time credit under ORS 421.121 for the entire sentence for that count, the trial court erred in dismissing plaintiff's habeas petition.

Reversed and remanded.